CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 18 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOSEPH MITCHELL MILLER, et al., ) | CASE NO. 3:06CV00020 |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| DOGWOOD VALLEY CITIZENS ) | |
| ASSOCIATION, INC., et al., ) | |
| ) | |
| Defendants. ) | By:  B. WAUGH CRIGLER |
| ) | U.S. MAGISTRATE JUDGE |

Before the court, under authority of 28 U.S.C. § 636(b)(1)(A), is defendants' September 11, 2008[1] motion for sanctions under Fed. R. Civ. P. 11 and 54(d) against plaintiffs and their counsel. Plaintiffs filed an opposition, to which defendants replied. For the following reasons, defendants' motion for sanctions is DENIED, without prejudice to defendants to pursue taxable costs under 28 U.S.C. § 1920 as prevailing parties in the case.

**BACKGROUND**

On April 7, 2006, plaintiffs filed this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), invoking the provisions for civil remedies under 18 U.S.C.§ 1962. (Dkt. No. 1.) Defendants moved to dismiss. (Dkt. No. 10.) Following a hearing, the presiding District Judge entered an Order on August 11, 2006 allowing plaintiffs leave to amend their RICO claim. (Dkt. No. 26.) Plaintiffs amended the complaint, and defendants, once more, moved to dismiss. (Dkt. Nos. 27, 28.) On November 13, 2006, the court found that plaintiffs had stated a claim under RICO and denied both motions to dismiss. (Dkt. No. 35.)

---

[1]In a letter dated October 2, 2008, plaintiff notes that defendants' Reply to plaintiffs' opposition to defendants' *September* 11, 2008 motion for sanctions states that the motion was filed on *August* 11, 2008. (Dkt. No. 104.) This is a non-material typographical error.

On December 18, 2007, and once discovery ended, defendants moved for summary judgment. (Dkt. No. 44.) Finding genuine issues of material fact and that plaintiffs could prevail if those issues of fact were resolved in their favor, the District Judge denied the motion. (Dkt. No. 60, January 14, 2008 Hearing Transcript, p. 27.)

A bench trial was held on June 24-25, 2008. (Dkt. No. 84.) On June 25, defendants orally renewed their motion for summary judgment, which again was denied. (Dkt. Nos. 85, 86.) At the close of trial on June 25, the presiding District Judge directed post-trial briefs addressing their extortion claim and subject matter jurisdiction. Plaintiffs filed a post-trial memorandum to which defendants filed a response. (Dkt. Nos. 94, 95.)

On August 28, 2008, the presiding District Judge entered a Memorandum Opinion setting forth findings of fact and conclusions of law. (Dkt. No. 96.) The court found that plaintiffs had failed to establish a RICO violation, and he entered judgment in favor of defendants. (Dkt. No. 97.) On September 22, 2008, plaintiffs filed a notice of appeal to the Fourth Circuit Court of Appeals. (Dkt. No. 101.)

**FINDINGS AND CONCLUSION**

Defendants seek sanctions against plaintiffs and their counsel under Fed. R. Civ. P. 11 and 54(d)(2). (Motion, p. 1.) Defendants contend that they are entitled to sanctions because, at the time the amended complaint was filed, both plaintiffs and their counsel knew, or should have known, they were pleading claims which were not warranted by existing law, or by any non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and were asserted solely for an improper purpose. (Motion, p. 3.) As a result, defendants offer that they have been forced to mount a full scale legal defense in response to what they characterize as a baseless lawsuit, causing them inconvenience,

2

Case 3:06-cv-00020-NKM-BWC   Document 108   Filed 11/18/08   Page 2 of 6   Pageid#: 1590

humiliation, and damage to their reputations. (Motion, p. 7.) They believe they should be compensated for all reasonable attorney's fees and expenses they incurred as a direct result of plaintiffs' alleged improper behavior. (*Id.*) Finally, defendants assert that sanctions are necessary to deter repetition of plaintiffs' and their counsel's conduct, and to deter others from engaging in similar conduct. (*Id.*)

Plaintiffs seek dismissal of the motion for sanctions because the motion was not filed in conformity with the procedural requirements of Rule 11(c)(2). (Pl's Opposition, p. 1.) Particularly, plaintiffs contend that defendants never gave the required twenty-one day notice which was designed to have informed them of any offending pleading and would have allowed them to take benefit of the twenty-one day safe harbor provisions of the rule to withdraw or correct the allegations. (Pl's Opposition, p. 1-4.) Plaintiffs simply believe that a party moving for Rule 11 sanctions is not permitted to wait until after judgment before filing a motion for sanctions under the rule. (Pl's Opposition, p. 1.) Alternatively, plaintiffs assert that an award of Rule 11 sanctions would be inconsistent with the decisions by the presiding District Judge overruling both the defendants' motions to dismiss and for summary judgment. (Pl's Opposition, p. 4.)

**Rule 11 Sanctions**

Rule 11 of the Federal Rules of Civil Procedure provides:

(c) Sanctions.

(1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

3

Fed. R. Civ. P. 11(c)(1). The party seeking sanctions must file a motion "separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The motion must be served on the opposing party, and under the safe harbor provision of Rule 11, giving twenty-one days during which "the challenged paper, claim, defense, contention or denial [may be] withdrawn or appropriately corrected." *Id.* Failure of the moving party to comply with these procedural requirements bars recovery under Rule 11. *See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 393 (4th Cir. 2004).

From a substantive viewpoint, Rule 11 sanctions should be limited to those which will deter repetition of the alleged improper conduct or comparable conduct by others who are similarly situated. Fed. R. Civ. P. 11(c)(4). The court is authorized to impose monetary sanctions payable to the court or as compensation to the moving party for attorney's fees and expenses caused by the violation. *Id.*

Here, the presiding court denied defendants' motions to dismiss the complaint and the amended complaint, as well as written and oral motions for summary judgment. No complaint that was so wanting as to be considered filed for an improper purpose could withstand such motions even when made during the course of trial. That plaintiffs ultimately did not prevail on their claim is not, nor has it been, a test for the imposition of Rule 11 sanctions. Instead, what is wanting is a substantive basis for the defendants' Rule 11 motion in the context of this case.

Moreover, the record in this action demonstrates the defendants' woeful failure to comply with the procedural requirements of Rule 11 so as to afford plaintiffs the safe harbor period that is mandated. Defendants have not shown, nor could they, that the motion was filed at a time when plaintiffs could have been afforded the twenty-one day period in which to cure alleged abject failures in their pleadings. Instead, defendants chose to challenge the sufficiency of the

4

complaint under Rule 12 and the sufficiency of the evidence under Rule 56, and wait until after judgment was entered to seek Rule 11 remedies. That, simply, is too late.

Because defendants have failed to demonstrate compliance with the procedural requirements of Rule 11, and because they further have failed to demonstrate an actual violation of Rule 11, their motion for sanctions under Rule 11 will be DENIED.

**Rule 54**

Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, a prevailing party is entitled to an award of costs, other than attorney's fees. Fed. R. Civ. P. 54(d); *Boysaw v. Purdue Pharma*, 2008 WL 4725865, at *1 (W.D. Va. October 28, 2008) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). A claim for attorney's fees and other related nontaxable expenses must be sought by motion, unless the applicable substantive law requires these fees be proven at trial as an element of the damages. Fed. R. Civ. P. 54(d)(2)(A). A motion for the award of these fees and expenses must be made no later than fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i).

The presiding court entered judgment on August 28, 2008 (Dkt. No. 97), and the instant motion was filed on September 11, 2008 (Dkt. No. 98.). Thus, plaintiff's motion under Rule 54 was filed within the requisite fourteen days. However, defendants have not offered, nor is there any indication that there is, any underlying authority for fee-shifting under RICO, and certainly there is no federal common law permitting fee-shifting under these circumstances. It appears that defendants simply have appropriated Rule 54 to their claim for attorney's fees and expenses where it cannot be appropriated.

This is not to say that other procedural avenues are unavailable to defendants for the recovery of taxable costs. A prevailing party may recover under § 1920: (1) fees of the clerk and

5

marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. Defendants have not sought such costs, pursuing attorney's fees and expenses of litigation, instead.

Finally, defendants have sought the imposition of attorney's fees under "other applicable law," yet they have not cited any. (Motion, p. 1.) The court has no obligation to discover what defendants mean by those terms.[2] The undersigned finds no such "other applicable law."

**CONCLUSION**

For the following reasons, defendants' motion for sanctions is DENIED, without prejudice to defendants to pursue the award of taxable costs under 28 U.S.C. § 1920.

The Clerk of the Court is hereby directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Nov 18, 2008
Date

---

[2] Under 28 U.S.C. § 1927, an attorney who unreasonably and vexatiously multiplies the proceedings in any case may be required to personally satisfy any excess costs, expenses, and attorney's fees reasonably incurred as a result of such conduct. Evidentiary support for any allegation of unreasonable and vexatious multiplication of proceedings necessarily would be upon the same record proffered for the court's assessment of any Rule 11 sanctions, minus, of course, the procedural requirements of the rule. It would be passing strange for this court to find that, by prevailing against defendants' motions to dismiss and for summary judgment, and by going to trial once those motions were denied, plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings. It declines to do so.